UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-61577-CIV-ALTONAGA/Simonton

**OCEAN'S 11 BAR & GRILL, INC.**,

    Plaintiff,

vs.

**INDEMNITY INSURANCE
CORPORATION OF DC**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants, Indemnity Insurance Corporation of DC, Risk Detention Group, and Indemnity Insurance Corporation's (collectively "Indemnity['s]") Motion to Dismiss . . . (the "Motion") [ECF No. 7], filed on July 19, 2011. Defendants seek to dismiss one of Plaintiff, Ocean's 11 Bar & Grill, Inc.'s ("Ocean's 11['s]") two claims in its Complaint [ECF No. 1-2] under Federal Rule of Civil Procedure 12(b)(6). The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND [1]

Plaintiff operates a bar and restaurant in Broward County, Florida. (*See* Compl. ¶ 1). Indemnity provided liability coverage for Plaintiff's bar from 2009 through 2011, coverage that included losses relating to "assault and/or battery." (*Id.* ¶¶ 1, 3–4). Plaintiff "paid all policy premiums required to obtain and maintain this coverage . . . ." (*Id.* ¶ 4).

In 2011, Ocean's 11 was sued for "damages arising out of an assault and battery by a third

---

[1] The allegations of Plaintiff's Complaint are taken as true.

Case No. 11-61577-CIV-ALTONAGA/Simonton

person," in "*Calvin Robertson and Lilene Robertson* [*v.*] *Oceans* [sic] *11 Bar & Grill, Inc.*, 11-10690 CACE 12." (*Id.* ¶ 5). Additionally, Plaintiff has been "placed on notice of claims" by other persons who were injured in its bar. (*Id.* ¶ 6). Plaintiff asserts Defendants should cover these claims and should honor their duty to defend Plaintiff. (*See id.*).

On May 5, 2011, Defendants sent Plaintiff a letter whereby they, "for reasons not specifically articulated," rescinded the insurance contracts for all three years based on material misrepresentations in the insurance application. (*Id.* ¶ 7). As a result, Indemnity has not defended any of the pending claims, including the *Robertson* litigation, and refuses to provide coverage for any losses. (*See id.* ¶ 8).

Following Defendants' rescission, Plaintiff filed suit in Florida state court on June 14, 2011. (*See id.*). In the Complaint, it asserts two claims — for declaratory relief and for breach of contract. (*See id.* ¶¶ 9–27). In the declaratory-relief claim, Plaintiff seeks "a determination of the rights and obligations under the applicable policies of insurance including the duty to defend these pending claims and to provide liability coverage for these claims as required by the policies of insurance." (*Id.* ¶ 10). Plaintiff asserts it is "in doubt as to [its] rights under the contracts of insurance with Defendants] . . . ." (*Id.* ¶ 12). In the breach-of-contract claim, Plaintiff asserts it paid all premiums and performed all conditions precedent, but Defendants breached the insurance contracts by seeking to rescind, by failing to provide coverage for losses, and by failing to provide a defense to the above-cited claims. (*See id.* ¶¶ 21–27).

Subsequently, Defendants removed the case to federal court on July 15, 2011. (*See* Notice of Removal [ECF No. 1]). Defendants now move to dismiss the claim for declaratory relief under

2

Case No. 11-61577-CIV-ALTONAGA/Simonton

Federal Rule of Civil Procedure 12(b)(6). (*See* Mot.).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. ANALYSIS

Defendants argue that Plaintiff has failed to state a claim for declaratory relief under Florida law. (*See* Mot. 2–5). They contend Plaintiff has not stated a claim under Florida Statute section 86.011 — the Florida Declaratory Judgment Act.[2] (*See id.*).

---

[2] Recently, federal courts in Florida have declined to apply Florida's Declaratory Judgment Act — declaring it to be procedural only — and have instead applied the Federal Declaratory Judgment Act. *See Nirvana Condo. Ass'n v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008) (stating that a declaratory judgment under Florida law is a "procedural mechanism" and does not confer any substantive rights, and consequently applying the Federal Declaratory Judgment Act); *see also 200 Leslie Condo. Ass'n v. QBE Ins. Corp.*, No. 10–61984–CIV, 2011 WL 2470344, at *5 (S.D. Fla. June 21, 2011) (stating Florida's Declaratory Judgment Act is procedural and applying federal law) (citing *Nirvana Condo. Ass'n*, 589 F. Supp. 2d at 1343 n.1); *Fortran Grp. Int'l Inc. v. Tenet Hosp. Ltd.*, No. 8:10-cv-01602-T-17, 2010 WL 4366380, at *1 (M.D. Fla. Oct. 28, 2010); *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09-cv-1711-Orl-31DAB, 2009 WL 4899402, at *2 (M.D. Fla. Dec. 11, 2009) (citing *Nirvana Condo. Ass'n*, 589 F. Supp. 2d at 1343 n.1); *Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-21592-CIV,

Case No. 11-61577-CIV-ALTONAGA/Simonton

**A. A Declaratory Action May Proceed on an Unambiguous Contract.**

Indemnity first asserts that declaratory relief is unavailable here because the contract is clear and unambiguous. (*See* Mot. 3). Ocean's 11 disagrees. (*See* Mot. Opp'n 3–5 [ECF No. 16]).

Recently, the Florida Supreme Court considered the question: "MAY THE INSURER PURSUE A DECLARATORY ACTION IN ORDER TO HAVE DECLARED ITS OBLIGATION UNDER AN UNAMBIGUOUS POLICY EVEN IF THE COURT MUST DETERMINE THE EXISTENCE OR NONEXISTENCE OF A FACT IN ORDER TO DETERMINE THE INSURER'S RESPONSIBILITY?" *Higgins*, 894 So. 2d at 9 (all caps in original). The Court answered the question in the affirmative:

> We therefore answer the certified question in the affirmative, hold that the declaratory judgment statutes authorize declaratory judgments in respect to insurance policy indemnity coverage and defense obligations in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action, and recede from *Columbia Casualty* to the extent that it is inconsistent with this holding.

*Id.* at 15. The Florida Supreme Court further concluded

> it is illogical and unfair to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy. Why should an insured be placed in a position of having to have a substantial judgment against the insured without knowing whether there is coverage from a policy? Why should an insurer be placed in a

---

2008 WL 5169458, at *7 n.1 (S.D. Fla. Dec. 8, 2008); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2490450, at *2 n.1 (S.D. Fla. June 18, 2008). Florida, however, states the relevant Florida statutes, those contained in Chapter 86, are substantive. *See* Fla. Stat. § 86.101. ("This chapter[, chapter 86], is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed."); *Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc.*, 509 F. Supp. 2d 1158, 1160–61 (M.D. Fla. 2007); *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 11 (Fla. 2004); *Ready v. Safeway Rock Co.*, 24 So. 2d 808, 808–09 (Fla. 1946) (en banc).

Case No. 11-61577-CIV-ALTONAGA/Simonton

> position of either paying what it believes to be an uncovered claim or being in jeopardy of a bad faith judgment for failure to pay a claim?

*Id.* Following *Higgins*, it is clear — even if it was not before — that a declaratory-relief action may proceed based on an unambiguous insurance policy. *See Powers v. Hartford Ins. Co. of the Midwest*, No. 8:10-cv-1279-T-24 AEP, 2010 WL 2889759, at *3 (M.D. Fla. July 22, 2010). Further, at least one court has found that although *Higgins* concerned a case brought by an insurer, it should apply with equal force to claims brought by the insured. *See id.*

Defendants cite a Southern District of Florida case, *Tobon v. American Security Insurance Co.*, for the proposition that declaratory relief is unavailable under Florida law to settle questions concerning a clear and unambiguous contract. (*See* Mot. 3) (quoting *Tobon v. Am. Sec. Ins. Co.*, No. 06-61912-CIV, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007)). Although decided in 2007, *Tobon* relies on law derived from *Columbia Casualty*, and therefore is based on outdated law. *See Tobon*, 2007 WL 1796250, at *2 (citing *Travelers Ins. Co. v. Emery*, 579 So. 2d 798, 801 & n.2 (Fla. 1st DCA 1991), which in turn cites *Columbia Casualty Co. v. Zimmerman*, 62 So. 2d 338 (Fla. 1952) and other cases citing to *Columbia Casualty*). In light of *Higgins*, the Court declines to follow *Tobon*.

It is thus clear that Plaintiff *may* bring a claim based upon an unambiguous contract. The Court thus turns to other considerations.

**B. Plaintiff May Plead in the Alternative.**

Defendants contend that Plaintiff may not file both a declaratory-relief claim and a breach-of-contract claim because the declaratory-relief claim is subsumed by the breach-of-contract claim. (*See* Mot. 4; Reply 2–3 [ECF No. 17]). Plaintiff does not respond to this contention. (*See* Mot.

5

Case No. 11-61577-CIV-ALTONAGA/Simonton

Opp'n).

Under the Federal Rules of Civil Procedure, a Plaintiff may plead claims in the alternative. *See* FED. R. CIV. P. 8(d);[3] *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims."). A party need not use any special words to properly plead in the alternative; it only must be "'reasonably inferred that this is what [it was] doing.'" *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 536 (S.D.N.Y. 2002) (alteration in original) (quoting *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)). Breach-of-contract and declaratory-relief claims may be pleaded alternatively. *See Great Am. Ins. Co. v. Sch. Bd. of Broward Cnty., Fla.*, No. 09-61636-CIV, 2010 WL 4366865, at *24 (S.D. Fla. July 30, 2010); *In re Andrew Velez Const., Inc.*, 373 B.R. 262, 275 (Bankr. S.D.N.Y. 2007). *If* any inconsistencies exist, they can be dealt with at summary judgment or through jury instructions. *See Formula LLC v. RSUI Indem. Co.*, No. 09-60592-CIV, 2009 WL 2342455, at *3 (S.D. Fla. July 28, 2009).

---

[3] Rule 8(d) reads in full:

> (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
>
> (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
>
> (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

FED. R. CIV. P. 8(d).

Case No. 11-61577-CIV-ALTONAGA/Simonton

Further, that Plaintiff has pleaded both a declaratory-judgment claim and a breach-of-contract claim does not *automatically* require dismissal. *See Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) (*citing Johnson v. Geico Gen. Ins. Co.*, No. 08-80740, 2008 WL 4793616, at *3 (S.D. Fla. Nov. 3, 2008)); *Johnson*, 2008 WL 4793616, at *3 ("[T]he fact that Plaintiff could have simply brought an action for breach of contract does not prevent him from also seeking a declaratory judgment to establish coverage.").

Here, Plaintiff seeks different relief under each claim. In the declaratory-relief claim, Plaintiff seeks, in addition to a declaration, relief that amounts to an injunction or specific performance. (*See* Compl. p. 6). In the breach-of-contract claim, it seeks money damages. (*See id.*). Thus, if the Court dismissed the declaratory-relief claim, Plaintiff's relief request will be wiped out in part.[4] These additional remedies make this declaratory-relief claim different from "normal" declaratory-relief claims, where only a declaration is sought. *See, e.g.*, *Fernando Grinberg Trust Success Int'l Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (dismissing a declaratory-relief claim, seeking only a declaration, as subsumed by a breach-of-contract claim); *see also Fortran Grp. Int'l*, 2010 WL 4366380, at *3.

As a result, at this point, the Court will allow the two claims to move forward in tandem. The Court recognizes that if only the breach-of-contract claim proceeds and Plaintiff prevails, the proper measure of damages will be Plaintiff's cost of securing new counsel, the costs of any litigation, and the amounts of any adverse judgments against Plaintiff. The value of money damages, depending on the speed with which the various assault and battery suits against Plaintiff proceed

---

[4] The Court makes no comment on whether, if Plaintiff chooses to only assert the breach-of-contract claim, an injunction or specific performance may be properly sought thereunder.

Case No. 11-61577-CIV-ALTONAGA/Simonton

through the judicial system, may not be known for many years. Therefore, a money judgment would require long-term judicial supervision. Further, because the insurance policy should have run through the end of 2011, there may be yet unknown claims, or yet-to-have-occurred assaults and batteries. The declaratory-relief claim looks forward to these future potential claims. *See Kenneth F. Hackett & Assocs.*, 744 F. Supp. 2d at 1311. The difficulty with fashioning and enforcing a proper amount of a money-damages award cautions the Court against prematurely dismissing the declaratory-relief claim.

The Court is further persuaded not to yet dismiss this claim because there is no additional burden to Defendant in defending both claims. Because the breach-of-contract claim will proceed, discovery will occur. *If* Plaintiff is correct that the declaratory-relief claim is *entirely* subsumed by the breach-of-contract claim (which may be addressed at summary judgment) (*see* Reply 2–3), there will be no additional discovery burdens as a result of the presence of the other claim.

### C. Joinder

Defendants also assert that the declaratory-relief claim should be dismissed because Plaintiff has failed to join certain indispensable parties. (*See* Mot. 5–8). Plaintiff concedes "Defendant's argument . . . to be well-founded" (Mot. Opp'n 5), and so seeks leave to amend the Complaint to join them (*see id.* 6). That leave is granted.

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss **[ECF No. 7]** is **GRANTED** in part. The first claim, for declaratory relief, is dismissed for failure to join

Case No. 11-61577-CIV-ALTONAGA/Simonton

indispensable parties.  Plaintiff may file an Amended Complaint, consistent with this Order, by September 9, 2011.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of August, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record