UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61577-CIV-ALTONAGA/Simonton

**OCEAN'S 11 BAR & GRILL, INC.**,

    Plaintiff,
vs.

**INDEMNITY INSURANCE CORPORATION RRG**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Ocean's 11 Bar & Grill, Inc.'s ("Plaintiff['s]" or "Ocean's[']") Amended Motion for Summary Judgment . . . ("Motion") [ECF No. 144], filed June 7, 2012. The Court has carefully considered the parties' written submissions,[1] the record, and the applicable law.

### I. BACKGROUND

This case involves an insurance coverage dispute — Plaintiff alleges Indemnity Insurance Corporation RRG ("Indemnity") improperly rescinded an insurance policy[2] *ab initio* and therefore must provide coverage under the policy's terms. (*See* Mot. ¶ 10).

---

[1] Only Defendant, Indemnity Insurance Corporation RRG, responded to the Motion. (*See* Resp. [ECF No. 149]). Plaintiff's Reply was due July 5, 2012, but no such brief was filed as of July 6, 2012.

[2] An initial policy offered coverage from February 12, 2009 through February 12, 2010 (*see* Mot. ¶ 5), and it appears subsequent policies were issued to renew coverage through February 2012. (*See id.* ¶ 7; Resp. ¶ 7 (denying Plaintiff's paragraph 7 "to the extent that the facts provided . . . [are] vague and confusing")). The Court refers in the singular to these policies and the applications submitted to obtain them.

\* Plaintiff's Motion is comprised of both a statement of undisputed material facts and memorandum of law. (*See generally* Mot.). When citing to the Motion, the Court refers to Plaintiff's statement of facts by paragraph number, and refers to its legal arguments by page number. The Court also applies this formatting to Indemnity's Response [ECF No. 149].

Case 0:11-cv-61577-CMA   Document 154   Entered on FLSD Docket 07/06/2012   Page 2 of 5

Case No. 11-61577-CIV-ALTONAGA/Simonton

According to Plaintiff, Indemnity asserts that each of the following areas of misrepresentation was material to its decision:

[1]. That Ocean's misrepresented the square footage of the business to be 3,000 square feet;
[2]. That Ocean's misrepresented the annual gross receipts of $500,000;
[3]. That Ocean's did not allow persons other than those trained in their formal alcohol awareness training program to serve alcohol to its patrons;
[4]. That Ocean's misrepresented that it did not allow persons under 21 onto the premises;
[5]. That Ocean's misrepresented that it employed a maximum of two (2) security employees on any given night;
[6]. That Ocean's misrepresented that it conducted background checks on all security employees;
[7]. That Ocean's misrepresented the occurrence of a prior incident involving a stabbing; and
[8]. That Ocean's misrepresented the amount of experience of its owner/manager at different times representing the amount to be five (5) years or ten (10) years of experience.

(Mot. ¶ 11 (citations, footnotes, and emphasis omitted)). Indemnity, however, states that not all of these areas are material, but does not identify which ones are or are not material. (*See* Resp. ¶ 11 (denying paragraph 11 of Plaintiff's statement of facts "to the extent that [it] deems certain of the misrepresentations cited therein as 'material'")).

## II. LEGAL STANDARD

Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008)

(quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation marks and alterations in original omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### III. ANALYSIS

Plaintiff argues that questions on the insurance application that are related to the eight areas of Plaintiff's alleged misrepresentations, are ambiguous. Yet Plaintiff does not provide in its statement of facts what the purportedly ambiguous questions are.[3] Indeed, in addition to failing to identify the application questions at issue, Plaintiff presents scant facts in its statement of undisputed material facts. (*See* Mot. ¶¶ 1–12). Plaintiff's arguments rely instead on facts within the body of its Motion that are not covered in the statement of facts. For example, nothing in the statement of facts addresses the amount of Plaintiff's annual gross receipts, the formal alcohol awareness training offered by Plaintiff to its employees, the representations made by Plaintiff regarding whether persons under twenty-one years of age are permitted onto the

---

[3] Although Plaintiff cites to the insurance application (*see* Ex. 6 [ECF No. 144-2]) in footnotes within its statement of facts (*see* Mot. ¶ 11 nn.24–30), nowhere in the statement of facts does Plaintiff state what the ambiguous questions are. It is not for the Court to cull facts from exhibits cited to by the parties. Rather, citations submitted by the parties are to provide evidentiary *support* for their statements of facts.

premises, the number of security employees Plaintiff employed each night, the background checks conducted on its security employees, the circumstances of and when the referenced stabbing event occurred, and the number of years of experience accumulated by the owner and manager of Ocean's.

Further, although Plaintiff cites to depositions and exhibits within the body of its Motion to support the facts presented therein, the Court has already cautioned Plaintiff that such practice is not compliant with Local Rule 56.1, which requires a summary judgment motion to contain "a statement of material facts *as to which it is contended that . . . there does not exist a genuine issue to be tried.*" S.D. Fla. L.R. 56.1(a) (emphasis added). Local Rule 56.1 also requires that the concise statement of material facts must (1) "[n]ot exceed ten pages in length," *id.* 56.1(a)(1); (2) "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court," *id.* 56.1(a)(2); and (3) "*[c]onsist of separately numbered paragraphs*," *id.* 56.1(a)(3) (emphasis added). The Court explained:

> The Local Rule serves "to make review of summary judgment motions less burdensome to the Court." [S.D. Fla. L.R. 56.1] cmts. (2008); *see also Carolina Acquisition, LLC v. Double Billed, LLC*, No. 07-61738-CIV, 2009 WL 1298362, at *1 (S.D. Fla. May 8, 2009). It is also consistent with determining the appropriateness of summary judgment. *See Phillips v. City of Dawsonville*, 499 F.3d 1239, 1241 (11th Cir. 2007) ("Summary judgment is appropriate *when no genuine issue of material fact exists* and the moving party is entitled to judgment as a matter of law." (emphasis added)). Both the Court and the litigants are served well by adhering closely to the requirements of the Local Rule.

(Order dated June 5, 2012, at 1–2 [ECF No. 143]). Because Plaintiff failed to comply with Local Rule 56.1 when it filed its initial motion for summary judgment [ECF No. 130], the motion was denied with leave to re-file. (*See id.* 1). Plaintiff timely re-filed its motion on June 8, 2012, however, Plaintiff again failed to comply with the Local Rules.

Accordingly, Plaintiff's Motion is denied because, as a threshold matter, Plaintiff has not met its burden "to inform the court of the basis for its motion." *Fitzpatrick*, 2 F.3d at 1115.

The Court notes that in addition to arguing that the Motion be denied, Indemnity asserts that it is entitled to summary judgment on one issue: Plaintiff misrepresented its use of a "Formal Alcohol Awareness" training program.[4] (*See* Resp. 13, 17). Although Plaintiff did not respond to this argument within the briefing associated with the present Motion, the Court has already determined there are disputed issues of material fact relating to this issue, and declines to discuss it further. (*See* Order dated July 6, 2012 [ECF No. 152]).

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 144]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of July, 2012.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[4] Indemnity does not assert it is entitled to summary judgment on any other issues. (*See* Resp. 19 (stating that the issue of Plaintiff's representation regarding a prior stabbing incident should be denied as moot (citation omitted)); *see id. passim* (arguing there are disputed issues of material fact as to all other issues)).